DANIEL BRODERICK, Bar # 89424
Federal Defender
DENNIS S. WAKS, Bar #142581
Supervising Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
RICHARD KLATT

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-S-05-462 LKK |
| | ) | |
| Plaintiff, | ) | |
| | ) | STIPULATION AND ORDER |
| v. | ) | |
| | ) | |
| RICHARD KLATT, | ) | Date:  August 30, 2011 |
| | ) | Time:  9:15 a.m. |
| Defendant. | ) | Judge: Hon. Lawrence K. Karlton |
| _____ | ) | |

IT IS HEREBY STIPULATED by and between the parties through their respective counsel, TODD D. LERAS, Assistant United States Attorney, attorney for Plaintiff, and DENNIS S. WAKS, Supervising Assistant Federal Defender, attorney for defendant, that the current Status Conference date of July 26, 2011, be vacated and rescheduled for August 30, 2011, at 9:15 a.m., for a change of plea.

Mr. Klatt presently has type I diabetes and Crohn's disease. In addition, Mr. Klatt has had at least four lumbar spinal procedures and numerous posterior cervical spine fusions. Additional surgeries on Mr. Klatt's lower back will be necessary because he has ongoing pain in his back, numbness in one leg and shooting pain in the other. Mr. Klatt was released from the hospital after having surgery where part of his intestines and colon were removed; he has not completely healed from this surgery. Another surgery will be required sometime this summer or fall. The defendant's doctor has advised counsel in writing that Mr.

1  Klatt's "serious medical conditions... are not improving as
2  expected...".  Because of these procedures, the defendant has been
3  unable to assist counsel.
4      Lastly, the government has prepared a plea agreement however,
5  defense counsel will need additional time to review the agreement and
6  go over it with the defendant.
7      It is further stipulated and agreed to between the parties that
8  the period from the date of this order to August 30, 2011, should be
9  excluded in computing the time within which the trial of the above
10 criminal prosecution must commence for purposes of the Speedy Trial
11 Act.  All parties stipulate and agree that this is an appropriate
12 exclusion of time within the meaning of Title 18, United States Code,
13 §3161(h)(4) [Local Code N] (period of physical incompetence of
14 defendant to stand trial) and §3161(h)(7)(B)(iv)[Local Code T4].
15 (Reasonable time to prepare).

16 Dated: July 21, 2011            Respectfully submitted,

17                                 DANIEL BRODERICK
                                   Federal Defender
18
                                   /s/ Dennis S. Waks
19                                 DENNIS S. WAKS
                                   Supervising Assistant Federal Defender
20                                 Attorney for Defendant
                                   RICHARD KLATT
21
                                   BENJAMIN B. WAGNER
22 Dated: July 21, 2011            United States Attorney

23                                 /S/ Dennis S. Waks for
                                   TODD D. LERAS
24                                 Assistant U.S. Attorney

25

26

27

28

2

**O R D E R**

Based on the stipulation of the parties and good cause appearing therefrom, the Court hereby adopts the stipulation of the parties in its entirety as its order. It is hereby ordered that the presently set July 26, 2011, status conference shall be continued to August 30 2011, at 9:15 a.m.  It is further ordered that the time period from the date of this order, through and including the date of the new status conference hearing, August 30, 2011, shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161 (h)(7)(B)(iv) and Local Code T4 [reasonable time for defense counsel to prepare].

Based on the stipulation of the parties and good cause appearing therefrom, the Court hereby finds that the failure to grant a continuance in this case would deny defense counsel reasonable time for effective preparation taking into account the exercise of due diligence.  The Court specifically finds that the ends of justice served by the granting of such continuance outweigh the interests of the public and the defendants in a speedy trial.

**IT IS SO ORDERED.**

DATED: July 22, 2011

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

3